UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SANDERS,

    Plaintiff,

Case No. 15-11445

Honorable John Corbett O'Meara

v.

CHRYSLER GROUP, L.L.C./FCA US,
L.L.C., *et. al.*,

    Defendants.

_____/

**ORDER DENYING
PLAINTIFF'S AUGUST 23, 2016 MOTION TO COMPEL DISCOVERY AND
GRANTING DEFENDANTS' AUGUST 1, 2016 MOTION TO DISMISS AND/OR
FOR SUMMARY JUDGMENT**

This matter came before the court on Defendants' August 1, 2016 Motion to Dismiss and/or for Summary Judgment and plaintiff William Sanders' August 23, 2016 Motion to Compel Discovery. Defendants filed a response to Plaintiff's motion September 9, 2016. It appears as though Plaintiff filed the motion to compel discovery in response to Defendants' motion. Pursuant to Local Rule 7.1(f)(2), no oral argument was heard.

**BACKGROUND FACTS**

This is a case to recover benefits from a pension plan governed by the Employee Retirement Income Security Act ("ERISA"). *Pro se* plaintiff William Sanders was employed by New Venture Gear ("NVG") and was able to participate in the Chrysler Corporation-UAW Pension Plan ("Plan"), which is now named FCA US L.L.C.-UAW Pension Plan. FCA is the current sponsor of the Plan.

Plaintiff Sanders began a leave of absence from NVG beginning February 24, 1995, and was terminated March 21, 1995. Plaintiff's employment history designated his employment status as Code 19–Permanent Separation, Did Not Return When Called.

On March 9, 2006, Plaintiff filed a complaint in the United States District Court for the Northern District of New York, naming as defendants "Chrysler/New Process Gear/New Venture Gear, et al.," Local 624 UAW, and various individuals. His complaint alleged, among other things, a "bogus termination from New Venture Gear . . . concerning Code 19." He twice amended his complaint, culminating in a Second Amended Complaint alleging Title VII discrimination based on the termination of his employment, including the coding of his termination as Code 19, which Plaintiff alleged meant a "quit" designation. On November 15, 2006, the court dismissed Plaintiff's claims against all defendants except NVG; and on February 4, 2008, the court granted NVG's motion to dismiss, finding Plaintiff's claims were time-barred.

In July 2014, Plaintiff contacted Hewitt Associates, the Plan's service provider, regarding his pension. Ultimately, Hewitt told Plaintiff that he was a Deferred Vested Participant and as such was not eligible for Permanent Total Disability ("PTD"). Plaintiff subsequently filed a Charge of Discrimination with the EEOC, alleging that Chrysler Corporation discriminated against him on the basis of his disability. He alleged that he was denied benefits in the form of the opportunity to apply for, and be granted, a retirement pension due to his disability. The EEOC dismissed Plaintiff's Charge and issued a Notice of Right to Sue on January 29, 2015.

Plaintiff Sanders filed this suit April 21, 2015, alleging that "Chrysler has me incorrectly coded in their database which stops me from getting my full pension and PDT [*sic*] which is perm. total disability." This court dismissed the complaint before an answer was filed. Following an

appeal, the case was reopened; and Plaintiff filed a letter January 29, 2016, along with four exhibits which Plaintiff contends support his claim for "extended disability benefits" under the Plan.

The Plan is an ERISA-governed pension plan negotiated between FCA and the UAW. FCA is the current sponsor of the Plan. The Pension Plan Board of Administration is the fiduciary that administers the terms of the Plan and is comprised of a board of three company-appointed members and three UAW-appointed members. Pursuant to the Plan, the Board is expressly granted the discretionary authority to interpret the Plan and determine eligibility for, and the amount of, benefits in accordance with the Plan's terms.

Plaintiff's claim for pension benefits, whether cast as a discrimination claim or as an ERISA claim, is based on his allegation that his March 21, 1995 termination was improperly recorded with a transaction code of Permanent Separation, Did Not Return When Called.

## **LAW AND ANALYSIS**

The court will first address plaintiff Sanders' motion to compel discovery, which appears to have been filed in lieu of a response to Defendants' motion to dismiss or for summary judgment. His motion seeks the following: 1) statutory and case law regarding ERISA; 2) welfare benefit plans; 3) identification of human resources individuals from Plaintiff's prior employers; 4) an explanation of a "DaimlerChrysler Corporation Employee History Inquiry" that appears to have been generated in 2002; and 5) documents pertaining to Plaintiff's employment at NVG. The motion further seeks information regarding "FCA Benefit Express" and a "full copy of the Permanent Total Disability Plan."

The United States Court of Appeals for the Sixth Circuit has held that discovery in an ERISA denial of benefits case is limited to evidence supporting a procedural challenge to the administrator's

3

decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 619 (6th Cir. 1998). "The discovery phase of an ERISA action will only cover the exchange of [the] administrative record, and, if there is a procedural due process claim against the administrator, discovery is limited to evidence related to procedural challenges." Frankenmuth Mut. Ins. Co. v. Wal-Mart Assocs. Health and Welfare Plan, 182 F. Supp. 2d 612, 616 (E.D. Mich. 2002). Even where a plaintiff asserts a procedural challenge to the administrator's decision, which plaintiff Sanders has not done here, a mere assertion without more is insufficient to open the door to discovery beyond the administrative record. See Huffaker v. Metropolitan Life Ins. Co., 271 Fed. Appx 493, 505 (6th Cir. 2008).

None of the discovery Plaintiff seeks in his motion to compel relates to a procedural challenge to the administrator's decision, nor has Plaintiff alleged a procedural irregularity. Therefore, discovery in this case is limited to the administrative record; and the court must deny his motion to compel further discovery.

Plaintiff Sanders has no evidence to show that FCA is the proper defendant to his allegations regarding NVG's improper coding of his discharge. Even if FCA were a proper defendant to actions by NVG that occurred in 1995, Plaintiff's claims are barred by Chrysler's bankruptcy.

On April 30, 2009, Chrysler filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code, 11 U.S.C. §§ 101 *et. seq.*, in the United States Bankruptcy Court for the Southern District of New York. The bankruptcy court's June 1, 2009 order bars, estops and permanently enjoins all persons and entities from asserting any claims "arising under or out of, in connection with or in any way relating to the Debtors" prior to that date's closing of the transfer of assets to New CarCo Acquisitions Co. Plaintiff's claim is based on NVG's actions in 1995, which

4

Plaintiff attested in an affidavit that he was aware of in 2005. Because Plaintiff's allegations arose prior to the bankruptcy court's June 1, 2009 order, his claims against FCA are barred by that order.

Plaintiff Sanders' claims against FCA are also barred by the statute of limitations. Plaintiff's Charge of Discrimination, filed October 17, 2014, alleges that he was discriminated against based on his disability. The filing of a Charge with the EEOC is a prerequisite to any private action under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a). A Charge must be filed with the EEOC within 300 days of the occurrence of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Michigan's six-year statute of limitations for breach of contract actions applies to a claim under ERISA Section 1132(a)(1)(B) for a denial of benefits. Bender v. Newell Window Finishings, Inc., 681 F.3d 253, 272 (6th Cir. 2012). The statute begins to run "when the claimant discovers . . . the acts constituting the alleged violation." Winnett v. Caterpillar, Inc., 609 F.3d 404, 408 (6th Cir. 2010).

Plaintiff's termination transaction code was entered effective March 21, 1995. Plaintiff admitted in prior litigation that on March 7, 2005, he knew his NVG employment record reflected a Code 19. Moreover, on February 4, 2008, Plaintiff's Title VII claim against NVG was deemed time-barred in his suit in the Northern District of New York.

Sanders filed his EEOC charge October 17, 2014, well beyond the 300-day filing period required under the ADA. Similarly, he filed this complaint April 15, 2015, far more than six years after he knew NVG's records reflected a Code 19 status. Therefore, Plaintiff's claim is time-barred under the relevant statutes of limitations.

Finally, to the extent plaintiff Sanders seeks to recover retirement benefits under the terms of the Plan, FCA is not a proper defendant. In Moore v. Lafayette Life Ins. Co., 458 F.3d 416, 438 (6th

Cir. 2006), the Sixth Circuit Court of Appeals reaffirmed that an employer or plan sponsor who does not control or influence the decision to award benefits is not a proper defendant to an ERISA denial of benefits claim. In this case the Plan is clear in its terms that its Board of Administrators, not FCA, is the final decision-maker on claims for retirement benefits and eligibility determinations. Accordingly, FCA is not a proper defendant to Plaintiff's claim for benefits.

## **ORDER**

It is hereby **ORDERED** that plaintiff Sanders' August 23, 2016 motion to compel discovery is **DENIED.**

It is further **ORDERED** that Defendant's August 1, 20016 Motion to Dismiss and/or for Summary Judgment is **GRANTED.**

s/John Corbett O'Meara<br>United States District Judge

Date: September 20, 2016

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 20, 2016, using the ECF system and/or ordinary mail.

s/William Barkholz<br>Case Manager